# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN LINDKE,
    Plaintiff,

v.

CYNTHIA A. LANE, a Michigan state court judge, being sued in her official capacity,
    Defendant
_____/

Case No.: 19-cv-11905
Honorable _____

**VERIFIED COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

_____

## **VERIFIED COMPLAINT**

NOW COMES Plaintiff KEVIN LINDKE, by and through counsel, and complains as follows:

### **PARTIES**

1.    Plaintiff KEVIN LINDKE is a resident of St. Clair County.

2.    Defendant CYNTHIA A. LANE is, on information and belief, a resident of St. Clair County and is a duly serving circuit court judge of the

1

31st Circuit Court for the County of St. Clair; she is sued in her official capacity.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

4. Venue is proper in this Court as Defendant CYNTHIA A. LANE conducts her business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

5. Plaintiff KEVIN LINDKE is the father of a young daughter referred to herein as "OGL," a minor child.

6. Tina Troy is the aunt of the mother of OGL. In other words, Tina Troy is the maternal great-aunt of OGL.

7. Plaintiff KEVIN LINDKE and OGL's mother have had a heated and contested child custody battle.

8. At the heart of the matter, it is the belief and verifiable fact that members of OGL's family has let OGL come into regular contact with a twice convicted sex offender.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

2

9. Because of the highly contested custody battle, Tina Troy would take it upon herself to search out Facebook posts about OGL's mother (and that side of the family) listed on a Facebook page known as "Justice for O[GL]."

10. The "Justice for O[GL]" Facebook page features political and opinion commentary about the actions of the family of OGL's mother and also protests, debates, and communicates about the failures of OGL's maternal family as well as complicit local judicial and governmental officials in failing to use legal authority to prevent "a twice convicted violent sexual predator" from having "ongoing access to" OGL. See https://www.facebook.com/groups/2845344492357419/about/

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

11.   This is an example:



12.   This Facebook group has over 2,000 voluntary members.

https://www.facebook.com/groups/2845344492357419/members/

13. On March 4, 2019, Tina Troy filed an *ex parte* petition for issuance of a personal protection order (PPO) pursuant Michigan law, MCL 600.2950a, against Plaintiff KEVIN LINDKE solely premised on speech made solely via Facebook.

14. Under this state law, a petitioner who is not a spouse, former spouse, individual with child in common, individual in dating relationship, or person residing or having resided in same household can seek an order of a Michigan circuit court enjoining another from certain acts including entering onto premises, threatening to sexually assault, kill, or physically injure petitioner or a named individual, and other such acts or activities See MCL 600.2950a(3).

15. Under Michigan law, before a PPO can enjoin a respondent, "the [trial] court must make a positive finding of prohibited behavior by the respondent before issuing a PPO." *Kampf v. Kampf*, 237 Mich. App. 377, 386 (1999).

16. The petition filed by Tina Troy does not allege any form of harm or threat of harm, yet Defendant CYNTHIA A. LANE issued such an PPO *ex parte* enjoining Plaintiff KEVIN LINDKE from undertaking certain acts despite the obligation under *Kempf*.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

17. In 2018, the Michigan Court of Appeals issued a landmark decision in *TM v MZ* involving the inability for state trial courts to issue PPOs which act as and is unconstitutional prior restraint.

18. The Michigan Court of Appeals in *TM v MZ* has explained and held that issuance of Personal Protection Orders must pass constitutional muster and not enjoin constitutionally protected speech, see *TM v MZ*, __ Mich App __ (2018).

19. Despite all this, Defendant CYNTHIA A. LANE enjoined Plaintiff KEVIN LINDKE from "posting comments about petitioner [Tina Troy] on social media" [hereinafter the "Social Media Injunction"].

20. The Social Media Injunction constitutes a content-based legal prohibition on constitutionally protected speech.

21. A certified copy of the "March 4, 2019 PPO" containing the Social Media Injunction is attached hereto as **Exhibit C**.

22. The Social Media Injunction constitutes "prior restraint" under the First Amendment.

23. The Michigan non-domestic PPO statute incorporates the standards under MCL 750.411h, MCL 750.411i, and MCL 750.411s.

24. MCL 750.411h and MCL 750.411i both expressly exempts "constitutionally protected activity" from its coverage.

25. MCL 750.411s expressly "does not prohibit constitutionally protected speech or activity." MCL 750.411s(6).

26. Despite being required by statute and standing Michigan precedent of *TM v MZ*, Defendant CYNTHIA A. LANE did not consider or otherwise fully consider the effect the PPO could or would have on the First Amendment rights of Plaintiff KEVIN LINDKE.

27. Since that time, Plaintiff KEVIN LINDKE has been unable to speak online and via Facebook to the followers of his social media campaign regarding his own daughter "OGL" as it applies to Tina Troy and Troy's campaign to use the unconstitutional processes being employed by Defendant CYNTHIA A. LANE.

28. Knowing that Defendant CYNTHIA A. LANE will not obey the limits of the First Amendment's prohibition on prior restraint, Tiny Troy, as a relative of Plaintiff KEVIN LINDKE's daughter, has returned to Defendant CYNTHIA A. LANE four (4) times, by motion, to seek legal punishment for Plaintiff KEVIN LINDKE exercising his First Amendment rights.

29. A permanent record of the issuance of a PPO, whether lawfully issued or not, is entered into, and never removed from, the Law Enforcement Information Network ("LEIN"), and is accessible by law enforcement officers across the State of Michigan.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

30. After issuance of the March 4, 2019 PPO, Tina Troy returned to Defendant CYNTHIA A. LANE seeking a finding of contempt (together with punishments like jail time) for Plaintiff KEVIN LINDKE exercising his First Amendment right to speak on matters of public concern, including the actions and failure of the St Clair County Circuit Court as it applies to Tina Troy.

31. In response to the four "motions" for contempt, Defendant CYNTHIA A. LANE issued four bench warrants for the arrest of Plaintiff KEVIN LINDKE solely for exercising his First Amendment rights to speak (without being subject to any prior restraint).

32. Upon notice of the Bench Warrants, Plaintiff KEVIN LINDKE voluntarily surrendered himself.

33. Defendant CYNTHIA A. LANE required Plaintiff KEVIN LINDKE to post a total of $45,000 in cash in order to be released pending resolution of the contempt proceedings solely premised on speech undertaken by Plaintiff KEVIN LINDKE which is protected from such state action via the First Amendment.

34. Having no other choice, Plaintiff KEVIN LINDKE posted the $45,000 which is an extreme personal and financial hardship.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

35. Defendant CYNTHIA A. LANE has purposely delayed and scheduled the contempt hearings *before* the request of Plaintiff KEVIN LINDKE to vacate the March 4 PPO on First Amendment grounds.

36. Having no other real or immediate remedy at law from the state courts and from Defendant CYNTHIA A. LANE, this federal lawsuit now follows.

## DOCUMENTS

37. Attached as **Exhibit A** is a copy of the Petition filed by Tina Troy to seek a Personal Protection Order pursuant to MCL 600.2950a.

38. Attached as **Exhibit B** is a certified copy of the Register of Actions in the matter of *Troy v Lindke*.

39. Attached as **Exhibit C** is a certified copy of the March 4, 2019 PPO, which contains the Social Media Injunction.

40. Attached as **Exhibit D** is the first of four motions seeking to hold Plaintiff KEVIN LINDKE in contempt of court solely due to his constitutionally protected speech, which also contains the Bench Warrant for the arrest of Plaintiff KEVIN LINDKE for exercising his constitutionally protected speech.

41. Attached as **Exhibit E** is the second of four motions seeking to hold Plaintiff KEVIN LINDKE in contempt of court solely due to his constitutionally protected speech, which also contains the Bench Warrant for

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

the arrest of Plaintiff KEVIN LINDKE for exercising his constitutionally protected speech.

42. Attached as **Exhibit F** is the third of four motions seeking to hold Plaintiff KEVIN LINDKE in contempt of court solely due to his constitutionally protected speech, which also contains the Bench Warrant for the arrest of Plaintiff KEVIN LINDKE for exercising his constitutionally protected speech.

43. Attached as **Exhibit G** is a copy of a transcript of the arraignment hearing in which a total full cash bond of $45,000 was required from Plaintiff KEVIN LINDKE.

44. Attached as **Exhibit H** is Plaintiff KEVIN LINDKE's motion to terminate (i.e. vacate) the March 4, 2019 PPO on inter alia First Amendment grounds.

45. Attached as **Exhibit I** is the fourth of four motions seeking to hold Plaintiff KEVIN LINDKE in contempt of court solely due to his constitutionally protected speech, which also contains the Bench Warrant for the arrest of Plaintiff KEVIN LINDKE for exercising his constitutionally protected speech.

46. Attached as **Exhibit J** is a *Temporary Restraining Order* issued by US District Court Judge Janet T. Neff of the Western District of Michigan similarly enjoining a state court judge for issuing injunctive orders in violation of the First Amendment as a form of prior restraint.

**47.**   Attached as **Exhibit K** is a copy of the published Michigan Court of Appeals decision in *TM v MZ*.

### COUNT I
### DEPRIVATION OF FIRST AMENDMENT RIGHTS
### 42 U.S.C. § 1983

48.   This is a civil action for declaratory and injunctive relief only seeking to redress deprivation of Plaintiff KEVIN LINDKE's constitutional rights; Plaintiff KEVIN LINDKE is not seeking money damages but is seeking costs pursuant to 42 USC § 1988.

49.   The First and Fourteenth Amendments to the United States Constitution establish Plaintiff's rights to freedom of speech, freedom of the press, and freedom of expression.

50.   "It has long been established that a prior restraint comes to a court 'with a heavy presumption against its constitutional validity.'" *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 224 (6th Cir. 1996), opinion clarified (May 8, 1996) (quoting *Bantam Books v. Sullivan*, 372 U.S. 58, 70 (1963)).

51.   The March 4 PPO is patently unconstitutional as a prior restraint on protected speech.

52.   By issuing, enforcing and/or threatening to enforce the March 4 PPO, Defendant CYNTHIA A. LANE is acting under color of state law and

11

has since March 4, 2019 deprived and will continue to deprive Plaintiff KEVIN LINDKE of his First Amendment rights to freedom of speech and expression.

53.     Such action repeatedly violates the First Amendment to the United States Constitution.

54.     Defendant CYNTHIA A. LANE does not have immunity from this action as 42 USC § 1983 provides that an action brought against a judicial officer for an act or omission taken in such officer's judicial capacity but that injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

55.     Attempts to have the March 4, 2019 PPO corrected by Defendant CYNTHIA A. LANE have been delayed, dragged out, and ignored as a means to keep the unconstitutional March 4, 2019 PPO in effect for as long as possible despite being unconstitutional.

56.     Each passing day of prior restraint on speech constitutes separate and cognizable infringement of the First Amendment, *Nebraska Press Assn.*, 423 U.S. 1327, 1329 (1975), with any loss of First Amendment freedoms, for even minimal periods of time, constitutes irreparable harm, *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## RELIEF REQUESTED

57. WHEREFORE, Plaintiff KEVIN LINDKE respectfully requests this Court to—

   a. Issue a declaration of Plaintiff's rights holding that the issuance of the Social Media Injunction within the March 4, 2019 PPO is unenforceable as an unconstitutional prior restraint of Plaintiff's First and Fourteenth Amendment freedoms of free speech and expression[1];

   b. Issue an injunction in form of a temporary restraining order, and later as a preliminary and/or permanent injunction to enjoin to Defendant CYNTHIA A. LANE from enforcing the Social Media Injunction within the March 4, 2019 PPO; and

   c. Award Plaintiff all applicable interest, costs, and attorney fees pursuant to 42 U.S.C. § 1988.

---

[1] To be clear, Plaintiff is not seeking to have issued a declaration or injunction as to the now pending contempt hearing as to prevent any abstention doctrine issues.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## VERIFICATION

I, KEVIN LINDKE, declare as follows:

1. I am citizen of the United States of America, and a resident of the State of Michigan.

2. Regarding the allegations of which Plaintiff KEVIN LINDKE has personal knowledge, I know and/or believe them to be true.

3. Regarding the allegations of which Plaintiff KEVIN LINDKE does not have personal knowledge, I believe them to be true based on specified information, documents, or both.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2019

_____
Kevin Lindke

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

|  |  |
|---|---|
| Date: June 26, 2019 | RESPECTFULLY SUBMITTED: |
|  | /s/ Philip L. Ellison<br>OUTSIDE LEGAL COUNSEL PLC<br>BY PHILIP L. ELLISON (P74117)<br>Attorney for Plaintiff<br>PO Box 107 · Hemlock, MI 48626<br>(989) 642-0055<br>(888) 398-7003 - fax<br>pellison@olcplc.com |