

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHAEL DENHOLLANDER et al.,

    Plaintiffs,

v.

ROSEMARIE E. AQUILINA et al.,

    Defendants.
_____/

Case No. 1:17-cv-305

HON. JANET T. NEFF

## TEMPORARY RESTRAINING ORDER

On April 4, 2017, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (Dkt 1) against the Honorable Rosemarie E. Aquilina, Ingham County Circuit Court Judge; Bill Schuette, Michigan Attorney General; and Lawrence Gerard Nassar. Plaintiffs seek to enjoin enforcement of an order issued by Judge Aquilina on March 29, 2017 in *People v. Lawrence Gerard Nassar*, Ingham County Circuit Court Case No. 17-143-FC, that seeks to "gag" Plaintiffs from speech that is constitutionally protected by the First Amendment (Dkt 1 at PageID.2). Plaintiffs also filed a Motion for a Temporary Restraining Order (Dkt 3), now pending before the Court. Having reviewed the Motion and the record, the Court grants the Motion and enters a Temporary Restraining Order.

Federal Rule of Civil Procedure 65(b)(1) allows the court to issue a temporary restraining order without notice to the adverse parties or their attorneys if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs in this case are individuals Rachael Denhollander, Lindsey Lemke, and Jamie Dantzscher; the law firms of Drew, Cooper & Anding P.C.; White Law P.L.L.C.; and Manly, Stewart & Finaldi P.C.; and approximately 80 victims of Defendant Lawrence Gerard Nassar. Plaintiffs have filed a well-prepared, detailed brief setting forth the factual background and legal basis for immediate injunctive relief. Plaintiffs have provided appropriate affidavits from Plaintiffs Denhollander; Lemke, and Dantzscher (Dkts 4-6, 4-7, 4-8), and counsel's certification concerning notice under Rule 65 (Dkt 3-1). The Court finds that the circumstances and supporting record justify the immediate issuance of a temporary restraining order without notice to the adverse parties.

I

Defendants in this case are involved in the *Nassar* criminal case pending in Ingham County Circuit Court before Defendant Judge Aquilina, in which Defendant Nassar is charged with first-degree criminal sexual assault (person under 13). Plaintiffs are alleged sexual abuse victims of Nassar, and their attorneys, who are pursuing civil claims against Nassar across the country.[1] Many of the victims have reported their alleged sexual abuse to law enforcement authorities. Some Plaintiffs are victims for which Nassar has now been criminally charged. Some are open advocates for changes to the laws, policies and procedures that allowed their alleged abuse to happen in the first place. For instance, Plaintiff Dantzscher and victim Jessica Howard testified on March 28, 2017, before the Senate Judiciary Committee, in support of a bill co-sponsored by seventeen Senators, including requiring mandatory reporting of suspicions of child abuse by federal sports

---

[1] E.g., Western District of Michigan, Case Nos. 1:17-cv-029 and 1:17-cv-257; California Superior Court, Sacramento County, Case No. 34-2016-200075; California Superior Court, Los Angeles County, Case No. BC644417; California Superior Court, Los Angeles County, Case No. BC638724.

organizations (Dkt 4 at PageID.135). Although none of the Plaintiffs have yet been formally named as witnesses in Nassar's state criminal case, it is anticipated that some or most may be named as witnesses.

Plaintiffs' civil cases arise out of Nassar's alleged sexual abuse of "dozens upon dozens" of female child athletes—mostly gymnasts. Nassar's alleged sexual abuse of child athletes during his tenure as a physician at Michigan State University and for USA Gymnastics has garnered extensive media coverage. Plaintiffs victims, witnesses, and their attorneys have been contacted by the media regarding their abuse, and generally regarding sexual assault/safety issues concerning youth-oriented sports. Plaintiffs state that, if contacted by the media, law enforcement, members of Congress, or other third parties, Plaintiffs have discussed, and wish to continue to freely discuss, these issues of public concern and safety—particularly with respect to children, who are most vulnerable to the dangers of such alleged abuse.

Plaintiffs were recently informed that on March 27, 2017 at approximately 4:16 p.m., Nassar filed an Emergency Motion before Judge Aquilina to Limit Public Disclosure by Witnesses and Counsel for Witnesses. Nassar requested court action in response to public statements and social media postings made by a small handful of lawyers who represent alleged victims of Nassar in civil cases in Michigan. Nassar's Motion explicitly referenced attorneys for certain civil plaintiffs in this action. Following a hearing on the morning of March 29, 2017, Judge Aquilina issued an Order on Defendant's Emergency Motion, with modifications ("Gag Order"), which states:

1. There shall be no attempts, by any lawyer representing a witness or a witness to facilitate the release of information or statement to any third party that pertains to the facts of the case which are not already contained in a public court file, related to this pending matter.

2. Any statements released to any third party by a witness or any lawyer representing the witness must be a direct quote –and without elaboration – of a statement contained in a pleading which specifically cite that pleading and the court(s) in which it was filed, related to this file.

3. No statements by the witnesses or lawyers representing the witnesses shall discuss the guilt or innocence of Nassar, publically and this pertains to this docket only.

4. No statements by the witnesses or lawyers representing the witness shall discuss or comment on the strengths and weaknesses of the case(s), publically and this pertains to this docket only.

5. No witnesses or lawyers representing the witnesses shall comment as to the truthfulness of the lawyers involved in this case, publically and this pertains to this docket only.

6. No witnesses or lawyers for the witnesses shall vouch or comment on the credibility of the witnesses, publically and this pertains to this docket only.

7. Nassar shall be referred to by his name or as the Defendant, publically and this pertains to this docket only.

8. This order shall be binding upon all parties, all current and potential witnesses and counsel for all current and potential witnesses, related to this case.

9. The transcript of the Preliminary Examination shall not be distributed except for Trial preparation and shall not be posted on social media or used for any purpose unrelated to trial or to interfere with the rights of The People or Defendant or to interfere with the ability to obtain a fair and impartial jury and this applies to all subsequent transcripts and pleadings until further Order of this Court.

(Dkt 4-5). Plaintiffs were not served with Nassar's Motion; they were not provided notice or an opportunity to be heard and did not appear at the hearing. They contend that the Order explicitly implicates the First, Fifth, and Fourteenth Amendment rights of multiple individuals without adequate consideration and protections.

II

To determine whether to issue a temporary restraining order, a district court considers: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury absent injunctive relief; (3) whether issuance of an injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of an injunction. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The four considerations are factors to be balanced together, not prerequisites that must be satisfied. *Id.* Further, "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the stay." *Id.* The Court determines that based on the record, the factors warrant issuance of a temporary restraining order to enjoin enforcement of the Gag Order for the reasons argued by Plaintiffs, particularly because the Gag Order is vague and overbroad.

Plaintiffs have shown a strong likelihood of success on their constitutional claims. Plaintiffs persuasively argue that the Gag Order is unconstitutionally vague, as it is not clear which individuals it actually covers and what conduct or speech falls under its scope.

Plaintiffs assert that dozens of Plaintiffs have exercised their First Amendment rights of freedom of speech and expression. Many have shared information regarding their experiences with Defendant Nassar by making criminal complaints with law enforcement agencies. Others have shared information with medical professionals, family, and close friends regarding the emotional and mental distress experienced as a result of the allegations contained in their Complaints. Additionally, Plaintiffs law firms, on behalf of their clients, have exercised their First Amendment rights of freedom of speech and expression by responding to media requests regarding the lawsuits.

When a party seeks injunctive relief on the basis of the potential violation of the First Amendment, the likelihood of success on the merits is often the determinative factor. *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). "With regard to the factor of irreparable injury, for example, it is well-settled that 'loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Id.* (citations omitted). Here, the Gag Order entered is not explicit as to the specific persons and conduct governed, making it impossible to determine which conduct is allowed and which conduct is proscribed. Because of the vague and overbroad nature of the Gag Order, Plaintiffs are justifiably uncertain if they can continue to exercise their First Amendment freedoms, or if they do, whether they will be held in contempt.

Plaintiffs also contend that the Gag Order is unconstitutional as a prior restraint on protected speech. "It has long been established that a prior restraint comes to a court 'with a heavy presumption against its constitutional validity.'" *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 224 (6th Cir. 1996) (quoting *Bantam Books v. Sullivan*, 372 U.S. 58, 70 (1963)); *see also Cty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 485 (6th Cir. 2002). Any restraint "must be narrowly drawn and be the least restrictive means available." *Id.* at 485-86.

Here, the Gag Order forbids speech activities. Court orders that actually forbid speech activities are classic examples of prior restraints. *Cty. Sec. Agency*, 296 F.3d at 485. Plaintiffs point out that the state court did not engage in analysis or make any findings of fact regarding whether there were reasonable alternatives available. Rather, at the March 29, 2017 hearing, the Court placed a blanket prohibition over all Plaintiffs barring speech by all individuals remotely connected to the case without making specific inquiries or findings. Such circumstances indicate a likelihood of success in challenging the Gag Order as an unconstitutional prior restraint.

Plaintiffs have established a strong likelihood of success on the merits of their First Amendment claims. Plaintiffs have also shown a likelihood of success on their Due Process claim where the Gag Order was entered without notice or an opportunity to be heard.

The remaining factors also weigh in favor of a temporary restraining order. Plaintiffs have shown that they have suffered and continue to suffer irreparable harm through a violation of their First Amendment rights. In cases concerning the deprivation of constitutional rights, the deprivation of the constitutional right itself constitutes an irreparable harm. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). Under the Gag Order, as Plaintiffs state, they are ostensibly prohibited from making any statement regarding Nassar's case to any third party, which arguably prevents Plaintiffs from speaking about the case to anyone—including counselors and other professionals—severely limiting not only their free speech, but their ability to heal from the abuse they have suffered. Furthermore, the Gag Order may prevent new victims from coming forward. For these reasons, the Gag Order has caused and will continue to cause irreparable harm.

As to factor three, substantial harm to others, granting the temporary restraining order would not harm others. Although Nassar argued that the Gag Order was necessary to prevent harm to his right to a fair trial, the record is not clear that any statements made have infringed upon his right to a fair trial or that the broad Gag Order is necessary to protect his right to a fair trial. Finally, a temporary restraining order on enforcement of the Gag Order would serve the public interest by protecting the rights of sexual abuse victims, and would promote public safety, particularly with respect to additional victimization.

Accordingly, for the reasons stated, and those detailed in Plaintiffs' filings, the Court grants Plaintiffs' Motion for a Temporary Restraining Order. The Court, in its discretion, waives the

security requirement of FED. R. CIV. P. 65(c).  *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (Dkt 3) is GRANTED, and Defendants are ENJOINED from enforcing the March 29, 2017 "Gag Order" entered by Judge Aquilina in *People v. Lawrence Gerard Nassar*, Ingham County Circuit Court Case No. 17-143-FC, pending a hearing and further ruling of this Court.

**IT IS FURTHER ORDERED** that unless formal service is waived pursuant to FED. R. CIV. P. 4(d), Plaintiffs shall serve a copy of the Complaint and Summons, and the Motion for Temporary Restraining Order and accompanying documents, on each Defendant not later than Friday, April 7, 2017, and file a Proof of Service of the same.

**IT IS FURTHER ORDERED** that Defendants shall file their Response(s) to Plaintiffs' Motion for Temporary Restraining Order (Dkt 3) not later than Thursday, April 13, 2017.

**IT IS FURTHER ORDERED** that a hearing is scheduled for Tuesday, April 18, 2017 at 1:30 p.m. before the Honorable Janet T. Neff, 401 Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan.  All counsel of record shall be present in person and shall be prepared to argue why a Preliminary Injunction should not be issued for the pendency of this case.

Dated:  April 7, 2017             /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge