# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN LINDKE,
     Plaintiff,

     v.

HONORABLE CYNTHIA A. LANE, a
Michigan state court judge, being
sued in her official capacity,
     Defendant

_____/

Case No.: 19-cv-11905
Honorable Matthew F. Leitman

**MOTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## MOTION FOR A TEMPORARY RESTRAINING
## ORDER AND FOR SUMMARY JUDGMENT

NOW COMES Plaintiff KEVIN LINDKE, by and through counsel, and

pursuant to Rules 56 and 65(b) of the Federal Rules of Civil Procedure

moves for a Temporary Restraining Order and Summary Judgment against

Defendant CYNTHIA A. LANE, a St Clair County (Michigan) Circuit Court

Judge. An unconstitutional Social Media Injunction within a Personal

Protection Order issued in the state court was entered by Defendant

CYNTHIA A. LANE on March 4, 2019, and violated and continues to violate

Plaintiff's federally protected constitutional rights under the First Amendment. Pursuant to E.D. Mich. LR 7.1, the undersigned has not made contact with the opposing party or her counsel to see if the relief sought by this motion would be unopposed for lack of an appearance.

Date: June 26, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN LINDKE,
      Plaintiff,

      v.

HONORABLE CYNTHIA A. LANE, a
Michigan state court judge, being
sued in her official capacity,
      Defendant

_____/

Case No.: 19-cv_____
    Honorable _____

**BRIEF IN SUPPORT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

## BRIEF IN SUPPORT OF
## MOTION FOR A TEMPORARY RESTRAINING
## ORDER AND FOR SUMMARY JUDGMENT

## ISSUE PRESENTED

Should a temporary restraining order be issued and summary judgment granted against the unconstitutional March 4, 2019 PPO as being issued in violation of the First Amendment to the United States Constitution?

Answer:
Yes.

## MOST CONTROLLING AUTHORITY

FRCP 65
FRCP 56

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**INTRODUCTION**

The First Amendment provides that Congress "shall make no law... abridging the freedom of speech." U.S. Const., Amend I. When a public official violates that constitutional guarantee, that "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This is such a case but uniquely involves a sitting Michigan state court trial judge.

**FACTS**

Plaintiff KEVIN LINDKE is the father of a young daughter referred to herein as "OGL," a minor child. **Ver. Compl, ECF No. 1, ¶5.** Non-party Tina Troy is the aunt of the mother of OGL. In other words, Tina Troy is the maternal great-aunt of OGL. ***Id.*, ¶6.** Plaintiff KEVIN LINDKE and OGL's mother have had a heated and contested child custody battle. ***Id.*, ¶7.** At the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

heart of the matter, it is the belief and verifiable fact that members of OGL's family has let OGL come into regular contact with a twice convicted sex offender. *Id.*, ¶8.

Because of the highly contested custody battle, Tina Troy would take it upon herself to search out Facebook posts about OGL's mother (and that side of the family) listed on a Facebook page known as "Justice for O[GL]." *Id.*, ¶9. The "Justice for O[GL]" Facebook page, as operated by Plaintiff KEVIN LINDKE, features political and opinion commentary about the actions of the family of OGL's mother and also protests, debates, and communicates about the failures of OGL's maternal family as well as complicit local judicial and governmental officials in failing to use legal authority to prevent "a twice convicted violent sexual predator" from having "ongoing access to" OGL. *Id.*, ¶10; see also https://www.facebook.com/groups/2845344492357419/about/. This is an example:

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com



**Justice For O▇▇▇**
14 hrs

Below is a motion filed by O▇▇'s mother's former attorney Dana VanDrew.

In her motion Ms. VanDrew claims that O▇▇ and her father had very little contact and no father/daughter bond had ever been established between them.

Dana VanDrew also goes on to claim that O▇▇'s father was threatening and harassing and blah blah blah. Ms. VanDrew never offered up any documented proof of her ridiculous claims other than her & her client's own dishonest statements.

The rest of the motion is filled with additional lies and untrue "facts".

This is what a targeted parent has to overcome. If you are unlucky enough to have to deal with the combination of a high conflict parent paired with an unethical attorney, be aware that things will be challenging.

THIS. IS. HOW. THE. SYSTEM. FAILS!!!





**Ver. Compl, ECF No. 1, ¶11.** This Facebook group has over 2,000 voluntary members. **Id.**, **¶12.**

On March 4, 2019, Tina Troy filed an ex parte petition for issuance of a personal protection order (PPO) pursuant Michigan law, MCL 600.2950a, against Plaintiff KEVIN LINDKE solely premised on speech made solely via Facebook. **Id.**, **¶13.** Under this state law, a petitioner who is not a spouse, former spouse, individual with child in common, individual in dating relationship, or person residing or having resided in same household can seek an order of a Michigan circuit court enjoining another from certain acts including entering onto premises, threatening to sexually assault, kill, or physically injure petitioner or a named individual, and other such acts or activities **Id.**, **¶14**; see also MCL 600.2950a(3).[1]

Tina Troy's petition was assigned to Defendant CYNTHIA A. LANE, a duly serving circuit court judge of the 31st Circuit Court for the County of St. Clair. **Ver. Compl, ECF No. 1, ¶2; Ver. Compl, Exhibits A and B.** The petition filed by Tina Troy does not allege any form of harm or threat of harm, yet Defendant CYNTHIA A. LANE issued such an PPO ex parte enjoining

---

[1] Under Michigan law, before a PPO can enjoin a PPO respondent, "the [trial] court must make a positive finding of prohibited behavior by the respondent before issuing a PPO." **Ver. Compl, ECF No. 1, ¶15** (citing *Kampf v. Kampf*, 237 Mich. App. 377, 386 (1999)).

4

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Plaintiff KEVIN LINDKE from undertaking certain acts and speech. **Ver. Compl, Exhibit C.**

In 2018, the Michigan Court of Appeals issued a landmark decision in *TM v MZ* involving the inability for state trial courts to issue PPOs which act as and is unconstitutional prior restraint. **Ver. Compl, Exhibit K.** The Michigan Court of Appeals in TM v MZ has explained and held that issuance of Personal Protection Orders must pass constitutional muster and not enjoin constitutionally protected speech. *Id.*

Despite all this, Defendant CYNTHIA A. LANE enjoined Plaintiff KEVIN LINDKE from "posting comments about petitioner [Tina Troy] on social media" [hereinafter the "Social Media Injunction"]. **Ver. Compl, Exhibit C.** The Social Media Injunction constitutes a content-based legal prohibition on speech. **Ver. Compl, ECF No. 1, ¶20.** It also constitutes "prior restraint" under the First Amendment. *Id.,* **¶21.**[2]

Despite being required by statute and standing Michigan precedent of *TM v MZ*, Defendant CYNTHIA A. LANE did not consider or otherwise fully consider the effect the PPO could or would have on the First Amendment

---

[2] The Michigan non-domestic PPO statute incorporates the standards under MCL 750.411h, MCL 750.411i, and MCL 750.411s. MCL 750.411h and MCL 750.411i both expressly exempts "constitutionally protected activity" from its coverage. MCL 750.411s expressly "does not prohibit constitutionally protected speech or activity." MCL 750.411s(6).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

rights of Plaintiff KEVIN LINDKE. *Id.*, **¶26.** Since March 4, 2019, Plaintiff KEVIN LINDKE has been unable to speak online and via Facebook to the followers of his social media campaign regarding his own daughter "OGL" as it applies to Tina Troy and Troy's campaign to use the unconstitutional processes being employed by Defendant CYNTHIA A. LANE. *Id.*, **¶27.**

After issuance of the March 4, 2019 PPO, Tina Troy returned to Defendant CYNTHIA A. LANE seeking a finding of contempt (together with punishments like jail time) for Plaintiff KEVIN LINDKE exercising his First Amendment right to speak on matters of public concern, including the actions and failure of the St Clair County Circuit Court as it applies to Tina Troy. *Id.*, **¶30.** Knowing that Defendant CYNTHIA A. LANE will not obey the limits of the First Amendment's prohibition on prior restraint, Tiny Troy, as a relative of Plaintiff KEVIN LINDKE's daughter, has returned to Defendant CYNTHIA A. LANE four (4) times, by motion, to seek legal punishment for Plaintiff KEVIN LINDKE exercising his First Amendment rights. *Id.*, **¶28.** Copies of these motions are attached as **Exhibits D, E, F, and I** to the Verified Complaint.[3]

---

[3] A permanent record of the issuance of a PPO, whether lawfully issued or not, is entered into, and never removed from, the Law Enforcement Information Network ("LEIN"), and is accessible by law enforcement officers across the State of Michigan, see **Ver. Compl, Exhibit K.**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

In response to the four "motions" for contempt, Defendant CYNTHIA A. LANE issued four bench warrants for the arrest of Plaintiff KEVIN LINDKE solely for exercising his First Amendment rights to speak (without being subject to any prior restraint). **Ver. Compl, Exhibits D, E, F, and I.** Plaintiff KEVIN LINDKE voluntarily surrendered himself. **Ver. Compl, ECF No. 1, ¶32.**

Then, Defendant CYNTHIA A. LANE required Plaintiff KEVIN LINDKE to post a total of $45,000 *in cash* in order to be released pending resolution of the contempt proceedings solely premised on speech undertaken by Plaintiff KEVIN LINDKE which is protected from such state action via the First Amendment. ***Id.***, **¶33**; see also **Ver. Compl, Exhibits B, p. 1 and  G.** Having no other choice, Plaintiff KEVIN LINDKE posted the $45,000 which is an extreme personal and financial hardship. **Ver. Compl, ECF No. 1, ¶34.**

Immediately thereafter, Plaintiff KEVIN LINDKE filed a motion to vacate the March 4, 2019 PPO raising a challenge on First Amendment grounds. **Ver. Compl, Exhibit H.** However, Defendant CYNTHIA A. LANE has purposely delayed and scheduled the contempt hearings before the request of Plaintiff KEVIN LINDKE to vacate the March 4 PPO on First

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Amendment grounds. **Ver. Compl, ECF No. 1, ¶35; Ver. Compl, Exhibit B.**[4]

Having no other real or immediate remedy at law from the state courts and from Defendant CYNTHIA A. LANE, this federal lawsuit now follows. Plaintiff KEVIN LINDKE also incorporates by reference Exhibits A through K attached to his Verified Complaint.

## ARGUMENT

## I.   TEMPORARY RESTRAINING ORDER

In deciding whether to grant a temporary restraining order, a court must weigh: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not granted; (3) the probability that granting the injunction will cause substantial harm to others; and, (4) whether the injunction advances the public interest." *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009). The four considerations are factors to be balanced together, not prerequisites that must be satisfied. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Further, "the probability of

---

[4] This "dates" game is evident even on the papers. Plaintiff KEVIN LINDKE filed a motion to terminate the March 4, 2019 PPO on March 13, 2019. **Ver. Compl., Exhibit H.** Michigan law requires that "a court *shall* schedule a hearing on a motion to modify or rescind an ex parte personal protection order *within 14 days after the motion to modify or rescind is filed*." MCL 600.2950a(14). Yet, Defendant CYNTHIA A. LANE scheduled the matter nearly a month later on April 15, 2019. The PPO statute is regularly not obeyed.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the stay." *Id.* Because each of these factors is satisfied in this case, Plaintiff respectfully requests that this Court issue a temporary restraining order enjoining enforcement of that portion of the March 4, 2019 PPO which constitutes unconstitutional prior restraint.

### *Rule 65 Standards*

Federal Rule of Civil Procedure 65(b)(1) allows a federal court to issue a temporary restraining order if the following factors are satisfied:

1.) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

2.) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FRCP 65(b). In this case, Plaintiff KEVIN LINDKE has suffered and will continue to suffer irreparable harm by virtue of the existence of the March 4, 2019 PPO and threat of its enforcement despite being clearly unconstitutional. A copy of the movant-attorney's certification is attached hereto as **Exhibit 1**. A temporary restraining order without notice should issue.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9

### *The First Amendment*

The First Amendment, applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law… abridging the freedom of speech." U.S. Const., Amend I; *Virginia v. Black*, 538 U.S. 343, 358 (2003). "Prohibitions relating to content of speech are few, due to the First Amendment's "bedrock principle" that an idea cannot be prohibited "simply because society finds the idea itself offensive or disagreeable." *Texas v. Johnson*, 491 U.S. 397, 414 (1989). "The government may not regulate [speech] based on hostility or favoritism towards the underlying message expressed." *RAV v. City of Saint Paul, Minn*, 505 U.S. 377, 386 (1992). The federal constitution protects speech over the Internet to the same extent as speech over other media. See *Reno v. ACLU*, 521 U.S. 844, 870 (1997). Moreover, "[t]here is no categorical 'harassment exception' to the First Amendment's free speech clause." *Saxe v. State College Area Sch Dist*, 240 F.3d 200, 204 (3d Cir. 2001) (opinion by Alito, J.).

### *High Likelihood of Success on the Merits*

In a case involving violations of the First Amendment, the likelihood of success on the merits is often the most important factor for the court to consider. *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) ("When a party seeks a preliminary injunction on the basis of the

potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor."); see also *Jones v. Caruso*, 569 F.3d 258, 277 (6th Cir. 2009).  Our Supreme Court has confirmed "it has long been established that a prior restraint comes to a court 'with a heavy presumption *against* its constitutional validity.'" *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 224 (6th Cir. 1996) (quoting *Bantam Books v. Sullivan*, 372 U.S. 58, 70 (1963)). In this case, the March 4, 2019 PPO is patently unconstitutional as a prior restraint on protected speech. As a result, this Court should find that likelihood of success on the merits is easily satisfied.

Plaintiff KEVIN LINDKE has legitimate concerns and shown harm that his ability to continue to exercise First Amendment rights of freedom of speech and expression is impaired by the March 4, 2019 PPO. A prior restraint cannot be upheld if reasonable alternatives are available having lesser impact on First Amendment freedoms. Defendant CYNTHIA A. LANE did not engage in analysis or make any findings of fact regarding whether there were reasonable alternatives available when issuing the Social Media Injunction within the ex parte issued PPO. For example, in *U.S. v. Ford*, 830 F.2d 596 (6th Cir. 1987), our Sixth Circuit, citing *Nebraska Press Assn. v. Stuart*, 423 U.S. 1327, 1329 (1975), indicated that a prior restraint order

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

would only be upheld if the speech posed a "'serious and imminent threat' of a specific nature, the remedy for which [is] narrowly tailored in an injunctive order." Speech sought to be halted "must pose a clear and present danger, or a serious and imminent threat to a competing protected interest" and that any order prohibiting speech "must be narrowly drawn and cannot be upheld if reasonable alternatives are available having a lesser impact on First Amendment freedoms." *CBS, Inc. v. Young*, 522 F.2d 234, 238 (6th Cir. 1975). "A free society prefers to punish the few who abuse rights of speech after they break the law than to throttle them and all others beforehand." *Southeastern Promotions, Ltd., v. Conrad*, 420 U.S. 546, 559 (1975).

### *Irreparable Harm*

Harm to a plaintiff is normally found to be irreparable if it cannot be fully compensated through monetary damages. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578 (6th Cir. 2002). When monetary damages for violations of a constitutional right is "difficult to calculate or will not adequately compensate for the injury," the harm is deemed irreparable. *Puertas v. Mich. Dept. of Corrections*, 88 F. Supp. 2d 775, 785 (E.D. Mich. 2000). In cases concerning the deprivation of constitutional rights, the deprivation of the constitutional right itself constitutes an irreparable harm. *Overstreet, supra,* at 578. "When

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). For the First Amendment in particular, the Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). "Rather than having no effect, 'a prior restraint, by ... definition, has an immediate and irreversible sanction.'" *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996), opinion clarified (May 8, 1996) quoting *In re King World Productions*, 898 F.2d 56, 60 (6th Cir. 1990). Each passing day of prior restraint on speech may constitute separate and cognizable infringement of the First Amendment. *Nebraska Press Assn.*, 423 U.S. 1327, 1329 (1975). A denial of Plaintiff's request for a temporary restraining order would allow the irreparable harm that Plaintiff has already suffered through a deprivation of his First Amendment right to free speech to continue. Irreparable harm exists.

### *No Legal Harm to Others*

Allowing the March 4, 2019 PPO to be enforced would continue to harm Plaintiff. If any of the statements made by Plaintiff are legally defamatory, Michigan law provides a remedy for such wrong—a defamation suit for damages—and not a Personal Protection Order.

### *Serving the Public Interest.*

The citizenry is always served when unconstitutional state actions are minimized or neutralized. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1400 (6th Cir. 1987).

### *Issuance of a TRO Is Warranted*

Federal Rule of Civil Procedure 65(b) allows for the ex parte issuance of a temporary restraining order where circumstances require. FRCP 65(b). The Sixth Circuit has held that ex parte issuance of a temporary restraining order is justified "where there is no less drastic means for protecting the plaintiff's interests." *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). No less drastic action than immediate ex parte issuance of a temporary restraining order would protect the Plaintiff's interests, especially since the Social Media Injunction within the  March 4, 2019 PPO itself was issued ex parte (and continues today) without formal consideration of Plaintiff's First Amendment rights.

## II.   SUMMARY JUDGMENT

Summary judgment should be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FRCP 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party must

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

prove no genuine issues of material fact exist by submitting affirmative evidence negating an essential evidence of the non-movant's claim, or by demonstrating the non-movant's evidence is insufficient to establish an essential element of the claim. *Celotex Corp., supra*, at 322. The burden then shifts to the non-moving party to sufficiently establish the existence of an essential element to his claims. *Anderson, supra*, at 257. To satisfy this burden, the non-movant must set forth specific facts identifying a genuine issue for trial. FRCP 56(e). A mere scintilla of evidence is insufficient and there must be evidence on which the fact finder could reasonably find for the non-movant. *Anderson, supra*, at 252. In this matter, there is no genuine issue as to any material fact.

It is well settled as outlined above and by law that the deprivation of Plaintiff's constitutional rights has occurred, continues to occur, and the deprivation of the constitutional right itself constitutes an irreparable harm which must be halted. There is no genuine issue as to any material fact that Plaintiff KEVIN LINDKE has been irreparably harmed by the Social Media Injunction within the March 4, 2019 PPO issued by Defendant CYNTHIA A. LANE and constitutes an unconstitutional restraint on his speech and a violation of his First Amendment rights. Prior restraints on speech constitute "the most serious and least tolerable infringement on First Amendment

Rights." *Nebraska Press*, 427 U.S. at 559. Injunctions issued by judges against speech are "the very prototype of the greatest threat to First Amendment values." *Madsen v. Women's Health Center, Inc*., 512 U.S. 753, 764 (1994). "The right to free speech should not lightly be placed within the control of a single man or woman." *Id.* at 793. Court orders preventing speech are "classic" prior restraints. *Alexander v. United States*, 509 U.S. 544, 550 (1993). Legal restraints are so hostile to First Amendment protections, any restraint on expression is accompanied with a heavy presumption against its constitutional validity. *Nebraska Press, supra*, at 549. Summary judgment should be granted.

## CONCLUSION

Under the U.S. Constitution, the Social Media Injunction within the March 4, 2019 PPO represents a classic example of an unconstitutional prior restraint on First Amendment protected speech. A federal remedy must be issued against a state court judge who flatly refuses to obey the US Constitution and is doing so under the color of a state statute.

## RELIEF REQUESTED

WHEREFORE, for the reasons outlined in the Verified Complaint and herein, and modeled on Judge Neff's similarly styled TRO (**Ver. Compl., Exhibit J**), Plaintiff KEVIN LINDKE respectfully requests this Court to issue

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

16

a temporary restraining order and thereafter grant summary judgment by issuing a declaration of Plaintiff's rights holding that the issuance of the Social Media Injunction within the March 4, 2019 PPO is unenforceable as an unconstitutional prior restraint of Plaintiff's First and Fourteenth Amendment freedoms of free speech and expression. To the extent declaratory relief was unavailable or insufficient, issue a permanent injunction as requested.

Date: June 26, 2019

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Plaintiff