UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

KEVIN LINDKE,
        Plaintiff,

vs.

CYNTHIA A. LANE, a Michigan State court judge, being sued in her official capacity,
        Defendant.

Case No. 19-cv-11905
Honorable Matthew F. Leitman
Magistrate Judge Anthony P. Patti

_____

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Attorney for Plaintiff
P.O. Box 107
Hemlock, Michigan 48626
(989) 642-0055
pellison@olcplc.com

TODD J. SHOUDY (P41895)
Fletcher Fealko Shoudy & Francis, P.C.
Attorneys for Defendant Judge Lane,
In her Official Capacity
1411 Third Street, Suite F
Port Huron, Michigan 48060
(810) 987-8444
tshoudy@fletcherfealko.com

_____

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1) and (6)**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES………………………………………………  ii

ARGUMENT………………………………………………………………  1

   I.    PLAINTIFF'S MACHINATIONS MAKE IT CLEAR THAT HE IS TRYING TO BYPASS THE NORMAL STATE COURT PROCESS AND SEEK THIS COURT'S INTERVENTION IN A PENDING CASE…………………………………………………..  1

   II.   THE *ROOKER-FELDMAN* INTERLOCUTORY ORDER ISSUE…..  6

# **INDEX OF AUTHORITIES**

**Cases**

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005) ................................................................................................6

*Middlesex County Ethics Committee v. Garden State Bar Association,*
  457 U.S. 423 (1982) ................................................................................................5

*O'Neill v. Coughlan*,
  511 F. 3d 638 (6th Cir. 2008) .................................................................................6

*Peters v. Neroni*,
  598 Fed. Appx. 797, 797 (6th Cir. 2015) ................................................................5

*Pieper v. Am. Arbitration Ass'n*,
  336 F. 3d 458 n.2 (6th Cir. 2003) ...........................................................................6

*TM v. MZ,*
  326 Mich. App. 227 (2018) ............................................................................ 2, 4, 7

*Wilson v. Beebe,*
  770 F. 2d 578 (6th Cir. 1985) .................................................................................6

**Statutes**

MCL 600.2905a .........................................................................................................1

MCL 600.2950a(12)………………………………………………………………… 3

## ARGUMENT

For its reply brief, Defendant stands by the arguments raised in its initial brief, but adds the following arguments in support of its motion to dismiss:

### I. PLAINTIFF'S MACHINATIONS MAKE IT CLEAR THAT HE IS TRYING TO BYPASS THE NORMAL STATE COURT PROCESS AND SEEK THIS COURT'S INTERVENTION IN A PENDING CASE

In his response brief (Dkt. #12), and a recently filed notice (Dkt. # 13), Plaintiff continues his effort to craft allegations and legal arguments that would: (1) allow him to avoid obtaining a legal ruling from Judge Lane in the St. Clair County Circuit Court in the underlying PPO dispute and (2) convince this Court to enter the fray and determine that Judge Lane wrongly issued the PPO.

In his initial Complaint, Plaintiff alleged that the PPO statutes expressly state that a PPO cannot bar constitutionally protected speech, and Judge Lane ignored the clear language of the statute, as well as binding Michigan Court of Appeals precedent, and entered a PPO that barred constitutionally protected speech (PageID.5-7). After Defense Counsel pointed out that such a claim is directly barred by the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine, Plaintiff then filed a First Amended Complaint (Dkt. # 10). In the First Amended Complaint, he claimed that he is really asking this Court to declare the Michigan PPO statute, MCL 600.2905a unconstitutional, not as drafted, but as "authoritatively construed" by a single state court judge. Following a process of

1

circular reasoning, Plaintiff claims that the statutes state that a PPO cannot bar constitutionally protected speech (¶¶21-25), but Judge Lane enjoined constitutionally protected speech nonetheless (¶26), therefore the statute "*permits*" a PPO which bars constitutionally protected speech (¶¶29-31) and thus the statute is unconstitutional (PageID.218-220).

If the Plaintiff's circular reasoning is reduced to its simplest form, the allegations are the same as they were in the original complaint: What Plaintiff really means is that Judge Lane erred in her ruling by issuing a PPO that banned constitutionally protected speech. The only difference between Plaintiff's original complaint (Dkt.#1) and the amended complaint (Dkt.#10) is that in the first complaint, Plaintiff claimed that Judge Lane failed to follow binding precedent set forth in the published Michigan Court of Appeals case of *TM v. MZ*, 326 Mich. App. 227 (2018)(PageID.6-7); whereas, in the second complaint, Plaintiff removed that claim and instead alleged that Judge Lane's ruling was an "authoritative construction" of the PPO statute. As indicated in Defendant's initial brief, the allegation is wrong, Judge Lane's ruling is not an authoritative construction of the PPO statute. If Plaintiff's claim is correct, Judge Lane's PPO was contrary to the only authoritative construction of the PPO statute on the issue – a published Michigan Court of Appeals decision.

Plaintiff likewise claimed that the *ex parte* order was issued even though

there were no allegations of any form of harm or threat of harm as required by statute (PageID.217 at ¶¶16-17), and "no emergency situation existed" to justify an *ex parte* order (PageID.226 at ¶54). The statute requires that such findings be made prior to the issuance of an *ex parte* order. MCL 600.2950a(12). In other words, while Plaintiff goes to great links in his brief to suggest he is only attacking the statute that permits an *ex parte* order, Plaintiff's complaint is again claiming that Judge Lane erred by concluding that the elements for an *ex parte* order were present. This again makes clear that Plaintiff is really attacking the ruling by Judge Lane, not the statute.

The reason for this legal contortion by Plaintiff is obvious, it is a thinly veiled attempt to avoid the impact of the *Rooker-Feldman* doctrine. The problem is that it is clear that no matter how Plaintiff articulates his claim, what Plaintiff is asking this Court to do is overturn a single decision of a lower state court decision in a pending matter. Thus, his claim is barred by the *Rooker-Feldman* doctrine.

At the same time, while Plaintiff has submitted some arguments that the *Rooker-Feldman* doctrine does not apply (e.g., the claim that he is challenging an authoritative construction instead of a specific ruling – which was addressed by Defendant in its initial motion, and a claim that *Rooker-Feldman* doctrine does not apply to interlocutory orders – addressed below), Plaintiff has failed to present any serious argument that the *Younger* abstention doctrine would not defeat his claim

(see below). Plaintiff's recent filing (Dkt. #13), is simply a specious attempt to avoid the *Younger* abstention doctrine, an attempt which easily fails.

As the Court is aware, Plaintiff has filed a motion to terminate the PPO in the state court proceeding and argued that the same things he initially argued in this lawsuit: The PPO is unconstitutional and in violation of the *TM v. MZ* case[1]. The hearing on that motion has started, but has not been completed, primarily due to the fact that Plaintiff has repeatedly adjourned the hearing multiple times, and now, at the 11th hour, has requested that the trial court allow him to withdraw his motion. The intent behind this strategic move, as stated in his notice (PageID.920) is to argue that "there is no longer any state court action pending or ongoing", and therefore the *Younger* abstention doctrine is inapplicable. The problem is that the case does remain pending and it is up to Judge Lane, not the Plaintiff, as to whether the motion hearing is cancelled. Plaintiff's notice states that the Plaintiff "reserves the right to refile said motion" (PageID.922), and the constitutional issues could be important to the ultimate resolution of the contempt hearings which Plaintiff acknowledges remain pending, and any penalty imposed[2]. Moreover, the

---

[1] Significantly, the Michigan Court of Appeals in *Tm v. Mz*, 336 Mich. App. 227, 242-246 (2018) ruled that defamatory speech is not constitutionally protected speech, and it was an error for the trial judge to fail to conduct a hearing to determine whether the statements made about the petitioner were defamatory. Here, Judge Lane followed precedent and began to conduct the prescribed evidentiary hearing which is necessary before she can issue a full ruling on the constitutionality issue.

[2] For example, Judge Lane could excuse a violation of the PPO, even though she does not have to do so, if she agrees with Plaintiff's argument that her PPO was issued in error. She could also

4

arguments Plaintiff has raised here, i.e., that the PPO was erroneously issued and improperly bars constitutionally protected speech, are issues that Plaintiff could be successful before Judge Lane, but he is aggressively seeking to avoid her ruling on this issue – at the same time he is alleging Judge Lane's delay in not addressing his motion and the continuation of the PPO is causing irreparable harm warranting a TRO in this case (First Amended Complaint, ¶¶49, 78; PageID.224,231).

Thus, Plaintiff's attempt to withdraw his motion to terminate the PPO in the underlying state court action does not solve his *Younger* abstention doctrine problem either. This is the very type of case where *Younger* was meant to apply – it is a case involving civil enforcement proceedings to prevent a violation of criminal statutes where the state has a clear interest in the enforcement of its orders. See *Peters v. Neroni*, 598 Fed. Appx. 797, 797-798 (6th Cir. 2015)(citing *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423 (1982)). Plaintiff is asking this Court for an injunction to bar Defendant from enforcing the PPO statute "as authoritatively construed" by Defendant (PageID.231 at ¶78(c)). Thus, Plaintiff's requested declaratory and injunctive relief would directly interfere with the underlying pending state court proceedings,

---

consider that issue as a mitigating factor in the punishment imposed. Further, while Plaintiff claims this issue is irrelevant, he claimed in the initial lawsuit that "Defendant CYNTHIA A. LANE has purposely delayed and scheduled the contempt hearings before the request of Plaintiff KEVIN LINDKE to vacate the March 4 PPO on First Amendment grounds" (PageID.9 at ¶35), and continues to claim in his First Amended Complaint that he has been harmed and continues to be harmed by the contempt hearings as well as the LEIN entry(PageID.221, 223, ¶¶ 37, 40-43).

which is what *Younger* abstention doctrine bars. *O'Neill v. Coughlan*, 511 F. 3d 638, 643 (6th Cir. 2008). In addition, he can and has raised all of these same constitutional arguments in the state court proceeding. For reasons contrary to the stated basis of the present lawsuit, Plaintiff is going to extreme attempts to avoid a state court ruling on the motion as to these issues.[3]

In short, his complaint is barred by the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine, or both.

## II. THE *ROOKER-FELDMAN* INTERLOCUTORY ORDER ISSUE

In its initial brief (see fn.3; PageID.420), Defendant cited to a 2003 published Sixth Circuit Court of Appeals case, *Pieper v. Am. Arbitration Ass'n*, 336 F. 3d 458, 461 n.2 (6th Cir. 2003), and argued that the *Rooker-Feldman* doctrine applies to interlocutory orders. In his response, Plaintiff argues that the Supreme Court's 2005 ruling in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) overruled that conclusion (PageID.886).

If Plaintiff is correct that *Rooker Feldman* only applies to orders that are final and thus appealable, he still loses because if the underlying state matter is concluded, *Rooker-Feldman* applies, and if it is not, *Younger* abstention would apply, so this action is barred either way.

However, in his brief, Plaintiff initially states "there is a question as to

---

[3] A federal procedural due process claim is also barred where a state provides an adequate remedy for a deprivation. See *Wilson v. Beebe,* 770 F. 2d 578, 583-584 (6th Cir. 1985). Here, Plaintiff has an adequate remedy – the motion to terminate process that he is attempting to avoid.

6

whether the *ex parte* PPO is a judgment or an interlocutory order" (PageID.886), and then states there is "no appeal available from an issued *ex parte* personal protection 'order'", and therefore it is not a final order (PageID.889). Significantly, Plaintiff's Counsel is well aware of the right of appeal from the issuance of a PPO as he has done it successfully in the past. See, e.g., *TM v. MZ*, 326 Mich. App. 227 (2018). It cannot seriously be doubted but that if an *ex parte* PPO is not challenged within 14 days, it becomes a final order. Here Plaintiff challenged the order by filing a motion to terminate, and that motion remains pending as of the date of this filing. Once that ruling occurs, then it is clearly appealable, which is undoubtedly why Plaintiff is going to such great lengths to avoid a ruling by Judge Lane.[4] This attempt to game the system to avoid well established doctrines that bar this lawsuit should be rejected by this Court.

                                        FLETCHER FEALKO
                                        SHOUDY & FRANCIS, P.C.
                                        Attorneys for Defendant
                                        By: /s/ Todd J. Shoudy_____
                                        Fletcher Fealko Shoudy & Francis, P.C.
                                        1411 Third Street, Suite F
                                        Port Huron, Michigan 48060
                                        (810) 987-8444
                                        Michigan Bar #41895

DATED: September 17, 2019       tshoudy@fletcherfealko.com

---

[4] Plaintiff also claims throughout his brief that he has no relief from a PPO, even if it is terminated, because it still remains on the LEIN system even after a PPO has been terminated. The Michigan Supreme Court made it clear that a state judge, in such a circumstance, has the authority in such a circumstance to enter an order removing the PPO from the LEIN system. See *T.M. v. M.Z.*, 501 Mich. 312, 319-320 (2018).

The undersigned certifies that a copy of the foregoing instrument was served upon attorney for Plaintiff by electronic filing on September 17, 2019.

/s/ Kathleen A. Williams_____
Kathleen A. Williams
Fletcher Fealko Shoudy & Francis, P.C.
1411 Third Street, Suite F
Port Huron, Michigan 48060
(810) 987-8444
kwilliams@fletcherfealko.com