# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

KEVIN LINDKE,
    Plaintiff,

v.

HONORABLE CYNTHIA A. LANE, a Michigan state court judge, being sued in her official capacity,
    Defendant

Case No.: 19-cv-11905
Honorable Matthew F. Leitman

**MOTION**

_____/

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

FLETCHER FEALKO SHOUDY & FRANCIS PC
TODD J. SHOUDY (P41895)
Attorney for Defendant
1411 3rd St, Ste F
Port Huron, MI 48060
(810) 987-8444
(810) 987-8149 – fax
tshoudy@fletcherfealko.com

---

### MOTION FOR LEAVE TO FILE RULE 15(d) SUPPLEMENTAL PLEADING OR ALTERNATIVELY LEAVE TO AMEND TO ADD NEW FACTUAL DEVELOPMENTS

NOW COMES Plaintiff KEVIN LINDKE, by and through counsel, and moves for leave to file a supplemental pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure or alternatively for leave to file a Second Amended Complaint.

1

2

Concurrence was sought from opposing counsel by email on November 20, 2019 and no response has been provided by Attorney Shoudy.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## QUESTION PRESENTED

Given the issued decisions of Judge Lane, should a supplemental pleading or a second amended complaint be filed with this court?

    Answer:    Yes.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## MOST RELEVANT AUTHORITY
FRCP 15

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**BRIEF IN SUPPORT**

This case challenges the Michigan non-domestic Personal Protection Order statute, as authoritatively construed, as being a violation of due process via the Fourteenth Amendment and the unconstitutional denial of protections from prior restraint governed by the First Amendment. On October 28, 2019, the St Clair County Circuit Court issued an opinion and order vacating, in substantial part, the prior issued personal protection order issued against and upon Plaintiff Kevin Lindke without notice or the opportunity for him to be heard in March 2019. **Exhibit A.** To refresh the Court's recollection, the March 4, 2019 PPO was issued pursuant to the Michigan non-domestic Personal Protection Order statute, MCL 600.2950a, as authoritatively construed, to expressly prohibit Plaintiff Lindke from "posting comments about petitioner [Tina Troy] on social media." **PPO, ECF No. 10-3, PageID.242.** Plaintiff Lindke has argued that—

> A prior restraint is any law or order forbidding certain communications when issued in advance of the time that such communications are to occur. *McGlone v. Bell*, 681 F.3d 718, 733 (6th Cir. 2012). Such comes to this Court "with a heavy presumption" of unconstitutionality under the First Amendment. *Bantam Books v. Sullivan*, 372 U.S. 58, 70 (1963). Courts, too, are bound by the First Amendment. *Citizens United v. F.E.C.*, 558 U.S. 310, 326 (2010). Moreover, when the government must provide due process, certain basic safeguards such as notice and an opportunity to be heard must be provided. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 US 306, 313 (1950); *Zinermon v. Burch*, 494 US 113, 125 (1990). Failure to do so violat[es] due process. Here, however, the Michigan non-domestic personal

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

5

protection order (PPO) statute satisfies neither. As such, it is unconstitutional as authoritatively construed.

**Response to MTD, ECF No. 12, PageID.876.** Yet, the October 28 decision curiously did not address whether the March 4, 2019 PPO was issued in violation of the First Amendment or was unconstitutional for failing to provide due process, or otherwise confirmed that any authoritative construction made was in error. Therefore, the period from March 4, 2019 to October 28, 2019, Plaintiff Lindke was subject to unconstitutional silencing by law and was denied due process under a state statutory system of prior restraint.

Even more curious, the St Clair County Circuit Court's decision concluded that Tina Troy, as the petitioner, failed her burden (despite having apparently met the burden previously in March 2019[1]) and had "not *demonstrated* reasonable cause to believe [Lindke] has engaged in the behavior prohibited by MCL 750.411h and 750.411i" but that "it was demonstrated reasonable cause to believe [Lindke] has committed the acts prohibited by MCL 750.411s."[2] **Exhibit A.** The decision did not discuss the

---

[1] Under Michigan law, a court must make a positive finding of prohibited behavior by the respondent before issuing a PPO. MCL 600.2950a(1) ("A court shall not grant relief under this subsection unless the petition alleges facts that constitute stalking as defined in section 411h or 411i, or conduct that is prohibited under section 411s, of the Michigan penal code, 1931 PA 328, MCL 750.411h, 750.411i, and 750.411s.").

[2] Plaintiff Lindke has filed an appeal of the October 28, 2019 decision to the Michigan Court of Appeals but the legal scope of the appeal is limited to the that only in the October 28 decision. MCR 3.709(B)(1)(b). There is no means to challenge the unconstitutionality of the Michigan non-domestic Personal Protection Order statute, as

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

provision which barred Plaintiff Lindke from posting comments about petitioner Tina Troy on social media or by issuing such without any form of pre-deprivation due process.

    As to the latter violation of MCL 750.411s, the change of the scope of the order—in *prospective* effect only—was premised on defamation (which is both factually and legally erroneous). Notwithstanding and highly critical for this case, the decision did not hold that the authoritative construction of the Michigan non-domestic Personal Protection Order statute was erroneously or unconstitutionally undertaken, nor otherwise took any steps to render the legal dispute here—the illegality of the Michigan non-domestic Personal Protection Order statute as authoritatively construed—not reasonably be expected to recur." See *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000). There is no appeal of that application of the Michigan non-domestic Personal Protection Order statute available in state court and Judge Lane (again, in her official capacity) is "free to return" to the old ways. *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). A dispute over the legality of the challenged practices is not mooted by voluntary cessation. *Id.*

---

authoritatively construed and applied, from March 4, 2019 to October 28, 2019. This case is seeking that remedy.

7

Absent a federal declaration on the unconstitutionality of the Michigan non-domestic Personal Protection Order statute as authoritatively construed, Plaintiff Lindke expects to be hailed back into court again, see **Exhibit C**, given the lack of any state level mechanism to challenge the statute's power to enjoined citizens from speaking (i.e. prior restraint) and judges using an unconstitutional statute as authoritatively construed.

In addition, Judge Lane also *sua sponte* vacated the posted cash bonds required of Mr. Lindke, totaling nearly $50,000. **Exhibit B.** He has suffered a loss in the inability to use these funds (including minimally generating interest) while posted with the St Clair County Court. While federal immunities might bar a damages judgment, it does provide a minimum sufficient injury for standing purposes to Plaintiff Lindke even beyond the "unquestionably" "irreparable injury" of loss of First Amendment freedoms. *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

These developments render the Defendant's *Younger* doctrine defense argument moot. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FRCP 15(d). In the alternative, "a party may amend its pleading only with the opposing party's written consent or the

court's leave" but leave "should freely give leave when justice so requires." FRCP 15(a)(2). A supplemental pleading or a newly formulated amended complaint will render any possible pending legal questions about the *Younger* doctrine moot and needless.[3]

## MEMORANDUM OF LAW

Plaintiff Lindke relies upon FRCP 15(d) and alternatively FRCP 15(a)(2).

## RELIEF REQUESTED

WHEREFORE, the Court is requested to enter an order permitting Plaintiff to file a supplemental pleading to formally plead the occurrences and events that have happened after the filing of the First Amended Complaint or alternatively direct Plaintiff Lindke to file a Second Amended Complaint including these new facts to avoid any possible improper reliance of the *Younger* doctrine henceforth.

---

[3] To be clear, however, Plaintiff Lindke still asserts that the *Younger* doctrine does not apply at all before these developments, but these developments fully renders any possible use of the doctrine as needless.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: December 7, 2019        RESPECTFULLY SUBMITTED:

<div style="margin-left:40%">
/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
</div>

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: December 7, 2019

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com