**EXHIBIT**

**A**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR

TINA TROY,

               Petitioner,

v.
                                        CASE NO. L-19-000463-PH
                                        HON. CYNTHIA A. LANE

KEVIN LINDKE,

               Respondent.

_____/

**DECISION AND ORDER ON RESPONDENT'S
MOTION TO TERMINATE PERSONAL PROTECTION
ORDER ENTERED ON MARCH 4, 2019**

At a session of said Court, continued
and held in the City of Port Huron,
County and State aforesaid, on
*10 - 28 - 2019*

PRESENT: HONORABLE CYNTHIA A. LANE, Circuit Court Judge

<u>PROCEDURAL HISTORY</u>

Petitioner filed a request for a non-domestic Personal Protection Order (PPO), which the Court entered on March 4, 2019. The PPO prohibited the Respondent from stalking the Petitioner, as defined under MCL 750.411h and 750.411i, and specifically prohibited Respondent from engaging in the following behavior: following or appearing within Petitioner's sight; appearing at Petitioner's residence or workplace; approaching or confronting Petitioner in a public place or on private property; entering or remaining on property owned, leased, or occupied by Petitioner; sending mail or other communications to Petitioner; contacting Petitioner by telephone; placing an object on or delivering an object to property owned, leased, or occupied by Petitioner; purchasing or possessing a firearm; and

CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT OF MICHIGAN

1

posting comments about Petitioner on social media. The PPO also prohibited Respondent from posting a message through the use of any medium of communication, including the internet or any electronic medium, pursuant to MCL 750.411s.

Respondent filed a timely Motion to Terminate that PPO. An evidentiary hearing on that Motion began on March 21, 2019, but did not conclude, and was rescheduled to May 2, 2019. The parties then stipulated, through their legal counsel, to adjourn that hearing and the Court rescheduled it to June 7, 2019. On June 7, 2019 the parties and their attorneys appeared and Respondent's attorney (Mr. Nesi) informed the Court that the Respondent had terminated their attorney-client relationship that morning. Mr. Nesi asked that he be relieved from representing the Respondent and requested, on Respondent's behalf, that the hearing date be rescheduled so Respondent could hire new counsel. Respondent concurred with that request and the Court rescheduled the hearing date to August 1, 2019. Respondent's hired another attorney (Mr. Ellison), who filed an "Emergency Ex Parte Motion" to adjourn the August 1 hearing date, a request with which Petitioner subsequently stipulated. Based upon that Motion and the parties' stipulation, the Court rescheduled the evidentiary hearing for September 19, 2019. Prior to that hearing date Respondent's attorney filed a request to withdraw his client's Motion to Terminate, which the Court denied, and the parties and their counsel appeared before the Court on September 19. Petitioner presented no additional evidence at that hearing; Respondent presented no evidence; and the attorneys presented oral arguments summarizing their clients' positions. Petitioner requested the Court to deny Respondent's Motion or, in the alternative, to amend the PPO. Respondent requested the Court to terminate the PPO in its entirety.

## EVIDENCE PRESENTED AT HEARING

Petitioner testified that Respondent began sending her private messages through Facebook Messenger (hereinafter Messenger) on January 17, 2019, after he became aware Petitioner sent his Facebook post, which violated a separate existing PPO issued against him by another Court, to his ex-girlfriend and mother

of his child, who is also Petitioner's niece. Petitioner's exhibits showed that Respondent contacted her numerous times on January 17 and on additional occasions in February. On occasion, Petitioner responded to his messages. Petitioner did ask Respondent to stop contacting her, but he did not. She blocked his messages occasionally, un-blocked them, and then would block them again. In none of those messages did Respondent threaten Petitioner with physical violence. Petitioner and Respondent never met face-to-face once these messages began.

On March 1, 2019 Respondent began to post messages about Petitioner on a Facebook page entitled "Justice for Oaklei." The "Justice for Oaklei" page is a public page that anyone can view. Respondent created that page and was an administrator of it. On that page Respondent posted a photograph of Petitioner and stated that Petitioner allowed his daughter Oaklei to come into contact with a convicted sex offender named Larry Whitcomb. Respondent also posted a page from a transcript in a separate child custody action involving his daughter (an action to which he was a party) that referred to a person named "Tina" who allegedly caused his daughter to come into contact with Mr. Whitcomb, asserting that was "evidence" Petitioner was exposing his daughter to a convicted sex offender. A full reading of that transcript reveals that the "Tina" to whom the transcript referred was not the Petitioner, but someone else. Respondent had this information in his possession but apparently chose to ignore it and chose instead to continue to publish similar untrue allegations about the Petitioner. In addition to the "Justice for Oaklei" page, Respondent also posted this information on his "attorney review" Facebook page; on the Port Huron Facebook page, a public page that anyone in the Port Huron area could access and make comment about events; and on a page he created using the name of Kevin Lipa.

Petitioner does not know Mr. Whitcomb, the alleged sex offender, and has never had any contact with him. She knows *of* him because his name has been mentioned in the child custody action in which the Respondent and her niece are involved. She described the effect Respondent's postings have had on her. Petitioner is a sign language interpreter who works for an agency that contracts with various school districts to provide services for their hearing impaired students. She

works directly with children. Respondent's Facebook postings have caused her anxiety, humiliation, and a fear of losing her job. Her employer has counseled her about Respondent's postings. She has had discussions about the postings with her boss, with the principal of the school where she primarily works, and with the superintendent of that school system. Acquaintances have sent her private Facebook messages and text messages asking her why she is exposing her niece to a convicted sex offender. She is on constant alert, wondering what Respondent will be posting about her next.

## LAW AND APPLICATION

When a Motion to Terminate a PPO is timely filed, the petitioner has the burden of justifying continuation of the PPO. The petitioner must present evidence establishing reasonable cause to believe the respondent has engaged in the behavior prohibited by MCL 750.411h; 750.411i and 750.411s.the PPO. *Pickering v. Pickering*, 253 Mich App 694 (2003). Here, the PPO issued by this Court prohibits Respondent from engaging in numerous acts that constitute stalking, as defined by the above statutes, including a prohibition against posting comments about Petitioner on social media. Respondent is also prohibited from engaging in so-called cyber-stalking under MCL 750.411s.

Michigan statutes define stalking as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." The evidence of stalking presented by Petitioner consists of numerous private Facebook messages sent to her by Respondent, to which Petitioner often responded. As stated previously, Petitioner would block and then un-block her ability to receive those messages. An examination of the content of those messages reveals back-and-forth arguments between the parties, at one point culminating in a "threat" by Respondent to subpoena Petitioner to appear and testify in the contested custody matter involving his daughter. While Respondent appears to have often, if not always, initiated those

4

messages, Petitioner responded to them, sometimes asking him to stop contacting her and sometimes making other comments. While these communications by Respondent were certainly willful and could also be described as aggravating, their content does not rise to the level of stalking, as that term is defined by Michigan statute. Therefore, the Court finds that the Petitioner has *not* demonstrated reasonable cause to believe Respondent has engaged in the behavior prohibited by MCL 750.411h and 750.411i.

MCL 750.411s prohibits posting of messages through the use of any medium of communication, including the Internet, or other electronic medium of communication , without the victim's consent, if all of the items set forth in subsections (1)(a) through (d) apply. However, that statute does not prohibit constitutionally protected speech or activity. MCL 750.411s (6). Defamatory statements are not constitutionally protected. As noted in the published case *of TM v. MZ*, 326 Mich App 227 (2018), there is a modern trend toward allowing injunctions of defamatory speech without a showing of damages. That modern trend requires a determination by a factfinder that the statements were definitively false and then specifically limits any injunction to the adjudicated speech. *Id.*

Here, Respondent made numerous postings on Facebook accusing the Petitioner of causing his daughter to have contact with a convicted sex offender. Those accusations were false and Respondent knew them to be false. He posted those allegations on several Facebook pages to which the public had access. In response, Petitioner received several messages asking her how she could engage in such behavior. Her employer also saw those postings and she was placed in danger of losing her job. She was constantly on alert, wondering what additional untrue allegations Respondent was going to post. Both the untrue postings made by Respondent and the contacts others made with Petitioner as a result of those postings were of a nature that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, or harassed and did in fact cause Petitioner to feel that way. In the Court's judgment, Respondent made those untrue postings for the purpose of harassing and causing others to harass Petitioner. Petitioner has

CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT OF MICHIGAN

therefore demonstrated reasonable cause to believe the Respondent has committed the acts prohibited by MCL 750.411s.

The Court will therefore amend its previously issued Personal Protection Order to prohibit the Respondent from posting defamatory statements about Petitioner on social media and/or from publishing such statements elsewhere.

IT IS SO ORDERED.

CYNTHIA A. LANE, Circuit Judge

CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT OF MICHIGAN

6

Approved, SCAO

Original - Court, 1st copy - Law enforcement agency (file),
2nd copy - Respondent, 3rd copy - Petitioner, 4th copy - Return, 5th copy Return

Page 1 of 3

| STATE OF MICHIGAN<br>31ST CIRCUIT COURT<br>ST CLAIR COUNTY | PERSONAL PROTECTION ORDER<br>(NONDOMESTIC)<br>*Amended*<br>☐ EX PARTE | C/C31/S **CASE NO.**<br>19-000463-PH |
|---|---|---|

**Court address** 201 MCMORRAN BLVD
PORT HURON, MI 48060
ORI
MI 740015J

**Court telephone no.**
(810) 985-2031

| Petitioner's name<br>TINA LIISA TROY | | Respondent's name, address, and telephone no.<br>KEVIN  JAMES LINDKE<br>5797 RIVER RD<br>EAST CHINA MI  48054 |
|---|---|---|
| Address and telephone no. where court can reach petitioner<br>SUPPRESSED ADDRESS | V | |

| Full name of respondent (type or print) *<br>KEVIN  JAMES LINDKE | | | | | | | Driver's license number (if known) |
|---|---|---|---|---|---|---|---|
| Height | Weight | Race *<br>W | Sex *<br>M | Date of birth or Age *<br>3/13/1980 | Hair color | Eye color | Other identifying information |

*These items **must** be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful.

Date: 10/29/2019    Judge: CYNTHIA LANE _____    Bar no.: P32136

1. This order is entered  ☐ without a hearing.  ☐ after hearing.

**THE COURT FINDS:**

☐ 2. A petition requesting an order to restrain conduct prohibited under MCL 750.411h and 750.411i and/or MCL 750.411s has been filed under the authority of MCL 600.2950a.

☐ 3. Petitioner requested an ex parte order, which should be entered without notice because irreparable injury, loss, or damage will result from delay required to give notice or notice itself will precipitate adverse action before an order can be issued.

4. Respondent committed the following acts of willful, unconsented contact:  (State the reasons for issuance.)
See attached Decision and Order on Respondent's Motion to Terminate Personal Protection Order Entered on March 4, 2019

**IT IS ORDERED:**

5. KEVIN  JAMES LINDKE _____  is prohibited from
Full name of respondent

☐ a. stalking as defined under MCL 750.411h and MCL 750.411i, which includes but is not limited to
   ☐ following or appearing within sight of the petitioner.
   ☐ appearing at the workplace or the residence of the petitioner.
   ☐ approaching or confronting the petitioner in a public place or on private property.
   ☐ entering onto or remaining on property owned, leased, or occupied by the petitioner.
   ☐ sending mail or other communications to the petitioner.
   ☐ contacting the petitioner by telephone.
   ☐ placing an object on or delivering an object to property owned, leased, or occupied by the petitioner.
   ☐ threatening to kill or physically injure the petitioner.
   ☐ purchasing or possessing a firearm.
   ☐ other:

☒ b. posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium, pursuant to MCL 750.411s. *See ATTACHED DECISION AND ORDER.*

6. Violation of this order subjects the respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

7. **This order is effective when signed, enforceable immediately, and remains in effect until** 3/4/2020 . This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

8. The court clerk shall file this order with ST. CLAIR COUNTY SHERIFF'S DEPARTMENT  who will enter it into the LEIN.

9. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

10. A motion to extend the order must be filed 3 days before the expiration date in item 7, or a new petition must be filed.

CC 380 (3/12)  **PERSONAL PROTECTION ORDER (Nondomestic)**

MCL 600.2950a, MCR 3.705, MCR 3.706

ST. CLAIR COUNTY CLERK PPO    2019 OCT 30  AM 10: 58    RECEIVED JAY M. DEBOYER

Approved, SCAO

Original - Court, 1st copy - Law enforcement agency (file),
2nd copy - Respondent, 3rd copy - Petitioner, 4th copy - Return, 5th copy Return

Page 2 of 3

| STATE OF MICHIGAN<br>31ST CIRCUIT COURT<br>ST CLAIR COUNTY | PERSONAL PROTECTION ORDER<br>(NONDOMESTIC)<br>☐ EX PARTE | C/C31/S **CASE NO.**<br>19-000463-PH |
|---|---|---|

**Court address** 201 MCMORRAN BLVD
PORT HURON, MI 48060
ORI
MI 740015J

**Court telephone no.**
(810) 985-2031

10/29/2019
Date and time issued

Judge
CYNTHIA LANE

P32136
Bar no.

A TRUE COPY
Jay M. DeBoyer
County Clerk

**CC 380** (3/12) **PERSONAL PROTECTION ORDER (Nondomestic)**

MCL 600.2950a, MCR 3.705, MCR 3.706

| PROOF OF SERVICE | Personal Protection Order (Nondomestic) Case No.   19-000463-PH |
|---|---|

**TO PROCESS SERVER:** You must serve the personal protection order and file proof of service with the court clerk.

If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is **not** a party or an officer of a corporate party, and that: (notarization required) |

☐ I served a copy of the personal protection order by

☐ personal service on:   ☐ registered mail, delivery restricted to the respondent (return receipt attached) on:

| Name of respondent

KEVIN   JAMES LINDKE | Complete address of service | Day, date, time |
|---|---|---|
| Law enforcement agency

ST. CLAIR COUNTY SHERIFF'S DEPARTMENT | Complete address of service
1170 MICHIGAN ROAD
PORT HURON MI   48060 | Day, date, time |

☐ have personally attempted to serve a copy of the personal protection order on the following respondent and have been unable to complete service.

| Respondent name | Complete address of service |
|---|---|
| | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee
$ | Miles traveled  Fee
$ | | Name (type or print) |
|---|---|---|---|
| Incorrect address fee
$ | Miles traveled  Fee
$ | TOTAL FEE
$ | Signature |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                        Date

My commission expires: _____   Signature: _____
                                    Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received a copy of the personal protection order on _____ .
                                                                        Day, date, time

_____
Signature of respondent
KEVIN   JAMES LINDKE                                                          MCR 2 105(A)