UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LINDKE,

      Plaintiff,

v.

HON. CYNTHIA A. LANE, *et al.*,

      Defendants.

Case No. 19-cv-11905
Hon. Matthew F. Leitman

_____/

## ORDER INVITING MICHIGAN ATTORNEY GENERAL TO FILE AN AMICUS BRIEF

On March 4, 2019, Defendant Judge Cynthia A. Lane, a state circuit-court judge, issued a *ex parte* non-domestic personal protection order against Plaintiff Kevin Lindke. (*See* ECF No. 21-3.) The order, among other things, prohibited Lindke from "posting comments about [a woman named Tiny Troy] on social media" (the "Social Media Injunction"). (*Id.*) On October 28, 2019, Judge Lane modified the Social Media Injunction to prohibit Lindke "from posting defamatory statements about [Troy] on social media and/or from publishing such statements elsewhere." (10/28/2019 State Ct. Order, ECF No. 29-2, PageID.1712.)

In this action, Lindke sues Judge Lane in her official capacity. (*See* Sec. Am. Compl., ECF No. 21.) Lindke alleges that the Social Media Injunction violates his First Amendment rights. (*See id.* at ¶35, PageID.1000-1001.) He further alleges that the way in which Judge Lane construed Michigan's non-domestic personal

1

protection order statute violated his First Amendment rights. (*See id.* at ¶¶ 67-76, PageID.1007-1009.) More specifically, Lindke claims that "[a]s authoritatively construed [by Judge Lane], the Michigan non-domestic [personal protection order] statute unlawfully and unconstitutionally permits the enjoinment of constitutionally protected speech … in violation of the First Amendment." (*Id.* at ¶78, PageID.1009-1010.) Lindke seeks as relief, among other things, a declaration that "the Michigan non-domestic [personal protection order] statute, as authoritatively construed, is unconstitutional as creating [an] illegal prior restraint of [Lindke's] First and Fourteenth Amendment freedoms of free speech and expression." (*Id.* at ¶134, PageID.1022-23.)

Judge Lane filed a motion to dismiss Lindke's Second Amended Complaint on February 21, 2020. (*See* Mot., ECF No. 29.) Lindke filed a response opposing the motion (*see* Resp., ECF No. 30), and Judge Lane has filed a reply (*see* Reply, ECF No. 32).

The Court has reviewed the parties' submissions and believes that it would benefit substantially from input from Michigan's Attorney General. The Court would appreciate the Attorney General's view on (1) whether Judge Lane, in her official capacity, is a proper Defendant in this action, (2) whether Judge Lane's modification of the Social Media Injunction in her October 28, 2019, order moots this action in whole or in part, and (3) the merits of the issues raised in Judge Lane's

motion to dismiss and Lindke's response to that motion. The Court invites the Attorney General to submit an *amicus* brief in this action addressing these issues and any others that the Attorney General deems appropriate.

If the Attorney General wishes to accept the Court's invitation, she shall file her *amicus* brief by **May 11, 2020**. The parties may file supplemental briefs addressing the Attorney General's *amicus* brief, if such a brief is filed, by no later than **May 26, 2020**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 5, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764