UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LINDKE,

    Plaintiff,

v.

Case No. 19-cv-11905
Hon. Matthew F. Leitman

MAT KING, *et al.*,

    Defendants.
_____/

## ORDER CERTIFYING CONSTITUTIONAL CHALLENGE TO MICHIGAN STATUTE

In this action, Plaintiff Kevin Lindke alleges that certain provisions of Michigan's Non-Domestic Personal Protection Order statute, Mich. Comp. Laws § 600.2950a (the "PPO Statute") violate the First and Fourteenth Amendments to the United States Constitution. (*See* Third Am. Compl., ECF No. 92, PageID.3161-3171.) He brings claims challenging the PPO Statute against Defendants Mat King and Dale Kays. King is the elected Sheriff of St. Clair County, Michigan; Kays is an employee with St. Clair County Central Dispatch. At the Court's invitation, the Michigan Attorney General has been acting as an *amicus curiae* in this action. Neither the Attorney General nor the State of Michigan is a party to this case.

Under 28 U.S.C. § 2403(b), "[i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not

1

a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." Through this order, and pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 5.1(b), the Court hereby certifies to the Attorney General of the State of Michigan, Dana Nessel, that the constitutionality of the PPO Statute, a statute that affects the public interest, has been drawn into question by Lindke in this action. Having now been provided this certification, the Attorney General shall file a notice with the Court by no later than 60 days from the date of this order informing the Court and the parties whether she will intervene as a party to this action for any of the purposes described in 28 U.S.C. § 2403(b), including but not limited to presenting argument defending the constitutionality of the PPO Statute. *See* Fed.R.Civ.P. 5.1(c).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126