UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LINDKE,

    Plaintiff,

v.

                                  Case No. 19-cv-11905
                                  Hon. Matthew F. Leitman

MAT KING, *et al.*,

    Defendants.
_____/

## ORDER (1) GRANTING MICHIGAN ATTORNEY GENERAL'S MOTION TO INTERVENE (ECF No. 156) AND (2) DENYING PLAINTIFF'S CONDITIONAL MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (ECF No. 160)

In this action, Plaintiff Kevin Lindke challenges the constitutionality of Michigan's Non-Domestic Personal Protection Order statute, Mich. Comp. Laws § 600.2950a (the "PPO Statute"). More specifically, he alleges that the PPO Statute violates the First and Fourteenth Amendments to the United States Constitution. (*See* Third Am. Compl., ECF No. 92, PageID.3161-3171.) He names as Defendants Mat King, the Sheriff of St. Clair County, and Dale Kays, a St. Clair County Central Dispatch employee. He contends that King and Kays are proper Defendants because they played a role in enforcing the PPO Statute against him.

1

The Court has now ruled on a number of procedural challenges to Lindke's claims and is prepared to address the merits of Lindke's challenge to the constitutionality of the PPO Statute. Accordingly, on July 10, 2024, pursuant to Rule 5.1(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403(b), the Court certified to Michigan Attorney General Dana Nessel (the "Michigan Attorney General") that the constitutionality of the PPO Statute has been called into question. (*See* Order, ECF No. 149.) In response, the Michigan Attorney General timely filed a motion to intervene in this action "for the sole purpose of defending the constitutionality of" the PPO Statute. (Mot., ECF No. 156, PageID.5332.) For the reasons explained below, the motion is **GRANTED**. As further explained below, Lindke's conditional motion for leave to file a Fourth Amended Complaint (*see* Mot., ECF No. 160) is **DENIED**.

# I

## A

28 U.S.C. § 2403(b) ("Section 2403(b)") authorizes a state to intervene in a federal action in which the constitutionality of one of its statutes is challenged. Section 2403(b) provides that:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene

> for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b).

Rule 5.1 of the Federal Rules of Civil Procedure "implements" Section 2403(b), *Marquez v. KBMS Hospitality Corp.*, 492 F.Supp.3d 1058, 1066 (C.D. Cal. 2020), and establishes the procedures to be followed in a federal civil action involving a challenge to the constitutionality of a state's statute. Rule 5.1 first provides that when a party files an action contesting the constitutionality of a state's law, the party must serve notice of its constitutional challenge "on the state attorney general," if the party has not named as a defendant the state, one of its agencies, or one of its employees acting in his official capacity. Fed. R. Civ. P. 5.1(a). Rule 5.1 then shifts to the district court the obligation of certifying to the state's attorney general that the constitutionality of the statute has been challenged. *See* Fed. R. Civ. P. 5.1(b). Finally, Rule 5.1 provides that the state's attorney general "may intervene" within sixty days after the district court gives notice. Fed. R. Civ. P. 5.1(c).

Here, the parties and the Court have complied with Rule 5.1, and thus intervention by the Michigan Attorney General is appropriate. On July 11, 2024, Lindke served notice of his challenge to the PPO Statute on the Michigan Attorney

3

General. (*See* Notice, ECF No. 150.)  As noted above, the Court also notified the Michigan Attorney General that Lindke's claims in this action challenge the constitutionality of the PPO Statute. (*See* Order, ECF No. 149.)  Finally, the Michigan Attorney General timely filed her motion to intervene within sixty days from the date that the Court provided notice. (*See* Mot., ECF No. 156.)  Under these circumstances, the Michigan Attorney General "may intervene" in this action. Fed. R. Civ. P. 5.1(c).

And she may do so even though Section 2403(b) provides for intervention by a "State."  Indeed, Section 2403(b) has long been understood to "authorize[] intervention by a state attorney general in actions 'to which [the] State or any agency, officer, or employee thereof is not a party.'" *Yniguez v. State of Ariz.*, 939 F.2d 727, 730 (9th Cir. 1991) (quoting Section 2403(b)).  That is why Rule 5.1 expressly provides for intervention by a state "attorney general."  Consistent with the terms of the rule, both the Supreme Court and the United States Court of Appeals for the Sixth Circuit have permitted state attorneys general to intervene in actions to defend the constitutionality of a state statute. *See, e.g., Cameron v. EMW Women's Surgical Ctr., P.S.C.,* 595 U.S. 267, 277–82 (2022) (holding that Kentucky Attorney General should have been permitted to intervene in action challenging constitutionality of Kentucky statute); *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (explaining in an action challenging the constitutionality of a

4

Michigan statute that the court granted rehearing en banc and "allow[ed] the Michigan Attorney General to intervene on behalf of the State of Michigan.").[1]

**B**

Lindke insists that if the Michigan Attorney General is permitted to intervene under Section 2403(b), then "the State [of Michigan will have] waive[d] its sovereign immunity as to at least the question of constitutionality." (Resp., ECF No. 158, PageID.5376.) And he argues that upon such a waiver, he may seek and recover damages from the State of Michigan if he prevails in this action. (*See id.*) The Court disagrees. Lindke's contention that a state waives its sovereign immunity by intervening pursuant to Section 2403(b) contravenes the plain language of the statute and conflicts with controlling decisions of the Supreme Court and Sixth Circuit.

The text of Section 2403(b) makes clear that a state does not waive its sovereign immunity by intervening into a federal civil action for the limited purpose of defending the constitutionality of one of its statutes. As noted above, Section 2403(b) provides that upon intervening, "the State, shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a

---

[1] Allowing the Michigan Attorney General to intervene here is also consistent with Michigan law. As the Michigan Court of Appeals has explained, the Michigan Attorney General is the "chief law enforcement officer" of the State of Michigan. *People v. Wiley*, 919 N.W.2d 802, 811 (Mich. Ct. App. 2018) (citing *Fieger v. Cox*, 734 N.W.2d 602 (Mich. Ct. App. 2007)). Moreover, a Michigan statute authorizes the Michigan Attorney General to intervene in an action on behalf of the people of the State of Michigan. *See* Mich. Comp. Laws § 14.101.

5

party *as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.*" 28 U.S.C. § 2403(b) (emphasis added). Because the statute expressly limits an intervening state's liability to court costs, a state neither waives its sovereign immunity nor becomes liable for damages by intervening. Simply put, intervention under Section 2403(b) "does not subject an intervenor [state] to liability for damages available against a party defendant." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 70 n.25 (1997). *See also Tennessee v. Garner*, 471 U.S. 1, 22 (1985) (explaining that where a state was "a party only by virtue of 28 U.S.C. § 2403," it was "not subject to liability").

The Sixth Circuit made this precise point in *Freed v. Thomas*, 81 F.4th 655 (6th Cir. 2023). That case involved a challenge to the constitutionality of a Michigan statute, and the district court had permitted the State of Michigan to intervene under Section 2403(b) for the limited purpose of defending the statute. The district court later issued a judgment in favor of the plaintiffs who had challenged the statute, but the district court omitted Michigan from the judgment. On appeal, the plaintiffs asked the Sixth Circuit to direct the district court to amend the judgment to include Michigan. The Sixth Circuit refused on the basis that Michigan did not become subject to liability by virtue of intervening under Section 2403(b):

> Freed also asks us to remand this matter to the district court with instructions to enter judgment against the state because the district court failed to explicitly name Michigan as a party in the judgment. Michigan joined this

6

> case solely for the purpose of defending the constitutionality of the statute and participated in all stages of the litigation; the district court correctly permitted intervention, pursuant to 28 U.S.C. § 2403(b), which provides that "[t]he State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." (emphasis added). And the district court did not err by omitting Michigan from the judgment. *See Tennessee v. Garner*, 471 U.S. 1, 22, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) ("The State is a party only by virtue of 28 U.S.C. § 2403(b) and is not subject to liability.").

*Freed*, 81 F.4th at 661 n.4 (6th Cir. 2023).

Lindke has not cited any cases holding to the contrary. While he cites cases in which a state has been deemed to have waived its sovereign immunity by intervening into a civil action (*see* Resp., ECF No. 158, PageID.5375-5376), none of the cited cases involved a state's intervention under Section 2403(b) for the limited purpose of defending one of its statutes. Lindke's authority thus does not support his contention that a state's intervention under Section 2403(b) waives its sovereign immunity. *See Booth v. Fink*, Case No. 1:23-cv-758 (W.D. Mich. Aug. 30, 2024), ECF No. 75, PageID.1259-1260 (rejecting argument that a state waives its sovereign immunity by intervening under Section 2403(b) and declining to follow same cases cited by Lindke here on the ground that they did not involve intervention under Section 2403(b)).

7

In sum, the plain language of Section 2403(b) and controlling precedent preclude Lindke's contention that the Michigan Attorney General's intervention into this action under Section 2403(b) waives the State of Michigan's sovereign immunity and subjects Michigan to damages.

## C

Finally, Lindke argues that if and to the extent Section 2403(b) allows the State of Michigan to intervene in this action, the statute "is in excess of Congress's powers and is unconstitutional in these circumstances." (Resp., ECF No. 158, PageID.5384.)  As support for this argument, Lindke first notes that his only claims in this action arise under 42 U.S.C. § 1983, and he highlights that a state cannot be held liable under Section 1983 because it is not a "person" subject to suit under that statute. (*Id.*, PageID.5383.)  Lindke then contends that because he has "no possible viable claim against the State of Michigan as a party," there is "no 'case or controversy' within the jurisdiction of this Court as between Plaintiff Lindke and the State of Michigan." (*Id.*)  Lindke adds that because he does not seek relief against the State of Michigan, "there is no redressability to be provided by this Court" in his favor "against the State of Michigan," and thus the State of Michigan and the Michigan Attorney General lack "standing." (*Id.* at PageID.5383-5384.)  Lindke insists that if Section 2403(b) were to authorize the Michigan Attorney General to intervene under these circumstances, the statute would run afoul of Article III of the

Constitution. (*See id.*) Lindke has not cited any case in which any court has adopted this argument, and controlling Supreme Court precedent forecloses it.

The Supreme Court has repeatedly held that a "proper case or controversy exists" between parties when one of them "ha[s] standing" to seek vindication of its rights against the other. *Murthy v. Missouri*, 144 S. Ct. 1972, 1985 (2024) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The Supreme Court has further held that a state has Article III standing to intervene in an action between other parties in order to defend the state's statutes from constitutional attack by one of the parties to the action. *See Maine v. Taylor*, 477 U.S. 131, 136-37 (1986) (holding that the State of Maine, which had intervened in a federal criminal prosecution under Section 2403(b) in order to defend the constitutionality of one of it statutes, could appeal from the judgment in the prosecution because it had "a legitimate interest in the continued enforceability of its own statutes" that "satisf[ied] the constitutional requirement of genuine adversity").[2] Simply put, as another Judge of this Court recently explained,

---

[2] *See also Diamond v. Charles*, 476 U.S. 54, 62 (1986) (recognizing that "a State has [Article III] standing to defend the constitutionality of its statute."); *Lopez-Aguilar v. Marion County Sheriff's Dept.*, 924 F.3d 376, 385 (7th Cir. 2019) (quoting and describing *Taylor*, *supra*, as "recogniz[ing] specifically that a state has a cognizable interest sufficient to establish Article III standing in the 'continued enforceability of its own statutes,' even when another party with an aligned interest has determined not to appeal."); 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 5.1* (Feb. 2024 update) (noting that the requirement of Article III standing "should be easily met" when a state seeks to intervene in an action under

9

"state attorneys general who receive certification of the potential unconstitutionality 'of any statute of that State' have Article III standing" to intervene in order to protect the state's interests by defending the statute. *Mockeridge v. Alcona Cnty. Bd. of Comm'rs*, 670 F.Supp.3d 434, 436 (E.D. Mich. 2023) (quoting Section 2403(b)). Under these settled rules, the Michigan Attorney General has Article III standing to intervene in this action in order to defend the constitutionality of the PPO Statute, and Section 2403(b) does not contravene Article III by authorizing such intervention.

**D**

For all of the reasons explained above, the Court will (1) permit the Michigan Attorney General to intervene in this action for the limited purpose of defending the PPO Statute and (2) limit the liability of the Michigan Attorney General (and the State of Michigan) to court costs directly related to the Michigan Attorney General's defense of the PPO Statute on the merits.³

---

Section 2403(b) because "a government has an interest in defending the constitutionality of its own statute.")

³ Lindke initially opposed intervention by the Michigan Attorney General on the ground that she had failed to attach a proposed pleading to her motion to intervene pursuant to Rule 24(c) of the Federal Rules of Civil Procedure. (*See* Resp., ECF No. 158, PageID.5373.) It is not clear to the Court that the proposed pleading requirement of Rule 24(c) applies to the limited intervention sought by the Michigan Attorney General here. In any event, the Michigan Attorney General has now submitted a proposed pleading (*see* Notice, ECF 159-2), and that submission satisfies the Sixth Circuit's "lenient" approach to the pleading requirement. *League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 580 (6th Cir. 2018).

II

The Court now turns to Lindke's conditional motion for leave to file a Fourth Amended Complaint. (*See* Mot., ECF No. 160.)  In that motion, Lindke seeks permission to amend the operative Complaint to add claims seeking damages against the State of Michigan and against Defendants King and Kays.  Lindke says that he should be permitted to add these claims upon intervention by the State of Michigan because Michigan's intervention waives both its own sovereign immunity and any such immunity that King and Kays may have enjoyed when, in the course of enforcing the PPO Statute, they acted as arms of the State of Michigan. (*See id.*, PageID.5417-5418.)  However, the Court has concluded above that the Michigan Attorney General's intervention under Section 2403(b) does not waive sovereign immunity from damages and, instead, involves only a limited waiver of immunity from court-ordered court costs.  Therefore, Lindke's proposed new damages claims against the State of Michigan, King, and Kays are not viable, and his proposed amendment is futile.  For that reason, the Court declines to grant Lindke leave to file a Fourth Amended Complaint.

III

For all of the reasons stated above, the Michigan Attorney General's motion to intervene for the limited purpose of defending the constitutionality of the PPO Statute (ECF No. 156) is **GRANTED**.  The Michigan Attorney General's

11

intervention will not subject her or the State of Michigan to liability beyond court costs "to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality," 28 U.S.C. § 2403(b), and it will not waive sovereign immunity for her, the State of the Michigan, or the remaining Defendants in this action. Lindke's conditional motion for leave to file Fourth Amended Complaint (ECF No. 160) is **DENIED** as futile in light of the Court's ruling on the limited purpose of the Michigan Attorney General's intervention under Section 2403(b).

    **IT IS SO ORDERED**.

                                      s/Matthew F. Leitman  
                                      MATTHEW F. LEITMAN  
                                      UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2024

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 17, 2024, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan  
                                      Case Manager  
                                      (313) 234-5126